Good morning, Judge Smith, Judge Roth, Judge Nygaard. May it please the court, Cagley and Cameron, on behalf of appellant plaintiff Joelle Gonzalez, I would like to reserve three minutes of my time for rebuttal. Your Honor, as the principle, there is one single determining issue raised in this appeal, and it is whether the district court erred as a matter of law in disregarding Virgin Islands statutory scheme and in holding that the administrative law decision here had collateral effect as to plaintiff's wrongful discharge claim. And is it safe to say that that issue, for our purposes on review, is only as to the WDA claim because you have not pursued any of your territorial claims here on appeal? Your Honor, the audit territorial claims hinge on the collateral estoppel issue. Please demonstrate to me in your brief where you have preserved and how you have preserved anything other than the issue preclusion issue relative to the WDA claim. Your Honor, our opening brief emphasized the judge's decision of collateral estoppel. The judge's decision on the other issues flowed from the initial decision that this, that collateral estoppel applied to the wrongful discharge. Not at all, Ms. Cameron. In fact, I direct your attention to the very last page of Judge Thompson's opinion. It's page 331 in the appendix where she addresses the subsection C, remaining claims. And she says, plaintiff's defamation claim is dismissed because he concedes that it fails to state a claim as required by the heightened pleading standard. That is absolutely, that explicitly has nothing to do with issue preclusion. Correct? Correct. You haven't challenged that determination at all, have you? Not in our opening brief, Your Honor. Well, I mean, the opening brief presents the issues on appeal and your discussion of them, correct? Correct, Your Honor. Your Honor, but it was our position that the collateral estoppel issue was the primary issue here because the court did not allow us. We have to know that that's your position and it relates to the territorial law claims. And speaking only for myself, I can find nothing in your claims and I've just pointed out to you with respect to the defamation claim, your position is directly opposed to what the district court said. How can the appellee answer your arguments on the issues if you do not bring them all up in your opening brief? That's why we say you've got to bring them up in the opening brief or you are precluded from pursuing them. Your Honor, I submit that it seems as though that was the position that it flowed from the collateral estoppel issue was a wrong decision. Okay, with respect to the collateral estoppel issue, Your Honor, I invite this court to look at the restatement second, which we submit restatement second of judgments and which we submit supports the Harallel decision and supports our position here on appeal. We're not at all bound by Harallel and you certainly know that, Ms. Cameron, but isn't your strongest issue here, your strongest position, that this simply wasn't the same issue under the UC as is then presented under the WDF? Your Honor, that's exactly right and that's what we argued, but our argument also was supported by Harallel and I submit to this court section 83 of the restatement second of judgments which govern adjudicative determination by administrative tribunal. Section 3 of section 83 provides that an adjudication determination of a claim by administrative tribunal does not preclude relitigation in another tribunal of the same or related claim based on the same transaction if the scheme or remedies permit assertion of the second claim notwithstanding the adjudication of the first claim. This is what Harallel decided. This is Virgin Islands Law. We followed the restatement. This is what this circuit in the Keogh versus Vitelco recognized that the wrongful discharge scheme does not preclude simultaneous action on an administrative position. No question. I assume we'd all agree on that, but the question is then what is the difference between these two issues? I've indicated we're not bound by Harallel and Harallel in my view isn't entirely convincing because it does dwell to a great extent on the different policies behind the two statutes and different policies does not implicate the language of the restatement. I With respect to the VASA scheme, the court confirmed the finding for misconduct could be negligence and there's no willfulness under this section 76. The wrongful discharge act, it calls for willful misconduct as one of the grounds for the basis of the discharge or determination and I submit to this court that it is not the same and for this and that the trial judge disregarded the differences in those statutory schemes. Well what about subsection 5, the virgin wrongful discharge act, who performs his work assignments in a negligent manner? Section 76A5. You're on a reading section 76A5 in the totality of the scheme again and with respect to their policies and all these and the manual and the policies, there is a progressive, there's a progressive step here and we are not saying that the ALJ judge said it was as best negligent. I submit to this court that there were disputed facts. If you look, they are, he was working at the same time with another person, Ann Clark. There was no opportunity to hear from her. There was no opportunity to, for him to corroborate his version of what happened with these other witnesses who was an employee of American Airlines. What was the section of the WDA upon which the district court relied? Your Honor, the district court relied on the misconduct section. Is that section 76A4? No, that is section 76A, one second, Your Honor. That is section 76A4. Which uses language of willfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employee. That ain't negligence, right? Correct, Your Honor. You've reserved three minutes, so we'll hear you back on rebuttal. Thank you. Well, what the unemployment board decided has absolutely no bearing on this case. And if you prevail, I think you are going to find there are many more cases where employees get their unemployment insurance for no wrongful discharge, and you're trying to say we were justified in firing them. Then you're going to find in this reverse case where you're saying our discharge is upheld by the unemployment decision. And do you really think in the long run this is an issue that you want to pursue and win in this manner? An unreviewed ALJ's determination before, under the UC, right? Yes. Good morning, Your Honors. It's a pleasure to be back in front of you today. But to answer your question, misconduct is a small section of the Wrongful Discharge Act. The grounds for misconduct under the Unemployment Insurance Statute are a subset of what constitutes wrongful discharge. It is a lawful discharge to fire someone for any of the nine reasons. Those nine reasons are a bigger set of things. But the subset of misconduct under the Unemployment Insurance Statute is a subset of that. So what we are saying is that if there is a finding that, and possibly even not an entire subset, but for certain acts. A willful intentional violation of a reasonable lawful rule order instruction of the employer, negligent performance of the duties for four and five, dishonesty, all those things. If there's a finding on that issue, that precludes a finding of a wrongful discharge under the Virgin Islands Wrongful Discharge Act. But as the Charles versus, the Charles case had said, that doesn't go the other way. A finding that it was not misconduct does not equate to a finding that it was a wrongful discharge. And those are entirely logically consistent. That because it is a subset of the larger legal grounds for discharge, that will disqualify someone for unemployment insurance. That does not mean that a finding that they are not disqualified from unemployment insurance constitutes a unlawful discharge. This case has been around for a long time. It has a very personal connection for me. My daughter, my first daughter, was born in April of 1998, April 23rd, 1998. Discharge happens in June of 98. My first trip away from the family is coming over here to argue or to present the unemployment insurance case. We are now- What accounts for the long hiatus since you've raised the question? The long hiatus? I argued the motion to dismiss and for summary judgment on my daughter's first birthday, April 23rd of 1999. We got the decision in November of 2006. The reason for the decision is that the district court did nothing on the case until 2003. At that point, the law clerk assigned to the case, from 1999 to 2003, the law clerk assigned to the case had been an associate at Attorney Rohn's office and had written the brief that was a supplemental brief in 2000. As a result, when we learned that, that the judge had assigned the law clerk to that matter, we moved to recuse. Then we went to Judge Finch recusing himself, assigned to Judge Moore. Judge Moore, they moved to recuse him based on all of the Attorney Rohn, Judge Moore issues. And now we're at Judge Thompson in 2006. But the two issues before you are the two issues on the application of collateral stop law. Identity of issue, whether it's the identical issue, and full and fair hearing. Those are the two that they've raised below. Those two issues are met here. The other two are undisputed. The final judgment, the same parties, the same issue. Again, at best negligent. That is what, with the mysterious money, the disappearing $40, $40.20s, I mean the $4.20s, and the reappearance six days later of a $50, a $20, and a $10. After a full and fair hearing, where she had the opportunity, where Mr. Gonzalez had the opportunity to bring in witnesses. If Ann Clark didn't testify, it was because he didn't call her. The administrative law proceeding made the identical finding. They made a finding of negligence. That he was negligent in the performance of his duties, and that was the reason for his discharge. And that is the reason that he was disqualified from receiving unemployment insurance. That issue is binding, and will preclude the Wrongful Discharge Act, because one of the lawful grounds under the Wrongful Discharge Act is negligent performance of the duties. And remember, the person, the fact finder that's doing this is the exact same person under both schemes. The administrative law judge that makes the determination as to whether this was misconduct under the unemployment scheme is ALJ June Austin, who makes the same determinations for the Department of Labor on wrongful discharge. There's no reason to believe that she has some different standard of negligence in her mind when she's making those same determinations. The word negligence is the same in both statutory schemes. It is an identical issue. Well, what about Judge Smith's point that the district court, in fact, relied on subsection 4, not subsection 5? When you look at the definition, she also defined misconduct under the unemployment scheme to do all of these things. I believe, and I believe the judge was correct to believe, that the findings of the ALJ below was that there was a willful and intentional violation of a reasonable law rule order instruction of the employer. There's no other finding that come out of that. He admitted to that violation. He understood that the policy is when you take $75 from a customer, you don't put it in your pocket or put it in a drawer. You record it in the computer system of the company. That the traveler should not be charged that same amount again. That there was, in fact, a willful violation. He knew what the rule was. He violated that rule. That's not negligence. That is a willful, intentional violation. That is subsection 4. But if we can establish any of the nine grounds for discharge under the Wrongful Discharge Act, we win the case. One of the nine grounds, subsection 5, is negligent performance of the duties. And whether the judge looked at 4 instead of 5 really does not matter in the legal analysis at this point. The fact is that there was a finding that it was negligent by the ALJ. That finding was after a full and fair hearing. They had the opportunity to present any evidence that they believe. A full and fair opportunity below does not mean full-blown federal court litigation. This is a simple issue. Why was this gentleman fired? He admits all of the facts at issue. He took $75. Let me ask you a very basic question. Is the issue that is to be precluded here by invocation of the doctrine a factual issue or is it a legal issue? I believe it's a factual issue. Was he fired for misconduct? Why is misconduct? Because it's really a term of art under two statutory schemes. You're not really a legal determination. Okay. Well, let's go. Was he fired? What conduct was he fired for? He was fired for taking the $75. That's a factual issue. Right. He was fired for taking the $75, not giving it to the… When we put a label on it that is subject to use in a statutory scheme such as misconduct, doesn't it then become a legal issue? Isn't it a legal term of art? I mean I believe that the finding of negligence is a factual finding, that they were negligent, that he had a duty to record the money in his system. He claims at best that he forgot. I mean there's a whole problem with his story as to how that money got from where it was to where it ended up six days later. But in the situation here, we have the same issue. We have under both statutes the finding. Last, the appellant has clearly waived all of the other claims here. The breach of contract claim is a different standard. This is not two statutes that we're looking at, any breach of contract claim. The defamation claim was on the merits. The intentional infliction and negligent infliction claims are on the merits. They don't imply in any way the earlier determination. And the motion to amend, again, an entirely different standard. Denial of motion to amend a complaint has not been argued here. There is no basis for us to respond to that. All of those issues are waived. And with respect to the issue of whether or not we should put this case to bed now, he had his whole and fair opportunity to say that he was fired for some other reason. He could not prove that in front of the same administrative law judge that would find a wrongful discharge. And if the administrative law judge had been holding a wrongful discharge hearing, the same procedures would have happened. There would have been a finding from that same administrative law judge that it was a lawful discharge as negligence under the grounds of the Wrongful Discharge Act. And there would be no question that that administrative determination is preclusive here. So, we believe that the judgment of Judge Thompson and the court below should be affirmed. This case should not be around for when my daughter goes to college. I was just about to ask, just assuming it didn't go your way, what's your daughter's next numbered birthday? She's turning 10 in April. Well, I think we can pretty well guarantee it won't be college. Thank you. Final. Your Honor, I have to admit, this case was even, I think, before I even began to work with the office I'm now with. But, Your Honor, with respect to the term misconduct, I submit, as this court indicated, it is a term of art. Misconduct, negligence are all legal terms. This is where I again submit that the policy on the penance of the VASA and the wrongful discharge comes into play. Because at the administrative hearing level, all they're determining is a narrow issue. Are they eligible for unemployment? And they're not deciding different questions of factor, different things that will undercut willful misconduct. Ms. Cameron, since it's been such a long period of time, I presume Mr. Gonzalez has gone back to work somewhere at some point along the way. Yes, Your Honor. I happened to, I think, meet Mr. Gonzalez for the first time once this decision was issued and we were doing appeal. He is still very much interested in vindicating his- But he's working? Yes, he's working. And he has been working, I think initially he had a hard time finding work because of this matter. But he's working now. Your Honor, I invite this court to look at his testimony on page 8586 of the brief. The, again, I submit- 8586 of the brief? Of the appendix, of the appendix. Sorry, Your Honor. Of the appendix. I submit that the trial, the administrative law judge finding of negligence or misconduct was geared towards the qualification for benefits. The wrongful discharge act has a different standard and we submit that the trial court erred in finding that there was collateral estoppel here. Thank you, Your Honor. May we see both of the counsel here for a moment, please? And we will take it under advisement. The next case for argument is United States v. Ambrose Dann.